J-S48009-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER L. SANDERSON, | : | |
| | : | |
| Appellant | : | No. 474 MDA 2014 |

Appeal from the Judgment of Sentence February 10, 2014,
Court of Common Pleas, Perry County,
Criminal Division at No. CP-50-SA-0000034-2012

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　　　**FILED AUGUST 01, 2014**

Christopher L. Sanderson ("Sanderson") appeals from the judgment of sentence entered on February 10, 2014 by the Court of Common Pleas of Perry County, Criminal Division, following his convictions for driving while operating privilege is suspended or revoked,[1] driving without a license,[2] driving an unregistered vehicle,[3] and driving a vehicle with an unauthorized transfer or use of registration.[4]  We affirm.

---

[1]  75 Pa.C.S.A. § 1543(a).

[2]  75 Pa.C.S.A. § 1501(a).

[3]  75 Pa.C.S.A. § 1301(a).

[4]  75 Pa.C.S.A. § 1372(3).

*Retired Senior Judge assigned to the Superior Court.

Because Sanderson challenges only the discretionary aspects of his sentence, a recitation of the facts underlying his convictions is not necessary.[5] The trial court summarized the procedural history as follows:

> [Sanderson] appeals from the judgment of sentence imposed on February 10, 2014. On that date, [Sanderson] appeared in court for a [s]ummary [a]ppeal hearing with counsel and was found [g]uilty of one count [d]riving [u]nder [s]uspension pursuant to 75 Pa. C.S.A. § 1543(a). The [c]ourt sentenced [Sanderson] to a one hundred twenty (120) days period of incarceration in the Perry County Prison, a fine of one thousand dollars ($1,000.00) and all costs of prosecution. [Sanderson] filed an appeal with the Superior Court and by [o]rder dated March 14, 2014, this [c]ourt directed that he file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal. On March 19, 2014, [Sanderson] filed his [s]tatement, alleging that there was insufficient evidence presented to support a conviction of [d]riving [u]nder [s]uspension and arguing that the [c]ourt's sentence was excessive.

Trial Court Opinion, 5/14/14, at 1.[6]

---

[5] We do note that this was Sanderson's 16th offense for driving while operating privilege is suspended or revoked. *See* N.T., 2/10/14, at 20.

[6] Sanderson raised a sufficiency of the evidence claim in his 1925(b) statement, but failed to include the issue in the statement of questions section of his appellate brief. *See* Sanderson's Brief at 7. "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). As a result, Sanderson has waived his sufficiency claim. Waiver is further supported by the fact that Sanderson included no argument on the issue in his appellate brief. *See* Sanderson's Brief at 12-14. Where an "[a]ppellant has cited no legal authorities nor developed any meaningful analysis, we find [the] issue waived for lack of development." ***Commonwealth v. McLaurin***, 45 A.3d 1131, 1139 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) (citing Pa.R.A.P. 2119(a)); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009)).

The lone issue presented by Sanderson in his appellate brief is whether his 120-day jail sentence for driving while operating privilege is suspended or revoked was excessive. Sanderson's Brief at 7, 12-14. Sanderson argues that he should have only received a 30-day sentence because he claims that the citing officer was agreeable to such a sentence. *Id.* at 12. Sanderson also asserts that his ex-wife is using the system in order to keep him away from their son. *Id.*

Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). "Two requirements must be met before we will review this challenge on its merits." **Id.** "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id.** "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id.** A substantial question exists when, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). Importantly, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Shugars**, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation and quotations omitted).

We conclude that Sanderson has waived his discretionary aspects of sentence claim. Our review of the certified record reveals that Sanderson never filed a post-sentence motion challenging the discretionary aspects of

his sentence. Additionally, the transcript of the sentencing proceedings reveals that Sanderson did not challenge the discretionary aspects of his sentence during sentencing. ***See*** N.T., 2/10/14, at 28-34. Therefore, Sanderson has waived his discretionary aspects of sentence claim. ***See Shugars***, 895 A.2d at 1273-74.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014