COMMONWEALTH of Pennsylvania, Appellee

v.

Hermion Jay McLAURIN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 6, 2012.

Filed May 25, 2012.

Eric E. Winter, Bechtelsville, for appellant.

Alisa R. Hobart, Reading, for appellee.

BEFORE: STEVENS, P.J., PANELLA, J., and STRASSBURGER, J.[*]

## OPINION BY STEVENS, P.J.:

This is an appeal from the order of the Court of Common Pleas of Berks County denying Appellant Hermion Jay McLaurin's petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546. Appellant claims the PCRA court erred in dismissing his petition without a hearing as he alleges the ineffective assistance of his trial counsel entitles him to a new trial. After careful review, we affirm.

This Court summarized the factual background of this case in reviewing Appellant's direct appeal:

Appellant was in a relationship with the mother of his 13–year–old victim, S.E., and frequently spent the night at the mother's home. On the night of June 22, 2008, Appellant was in the living room of the home, watching television, when S.E. came downstairs to watch television. S.E. watched television for a while and fell asleep on a couch. S.E. awoke to the feeling of something "going around [her] mouth." When she opened her eyes, she "saw a man's penis in [her] face." She screamed and ran up the stairs. Her mother was coming down the steps and S.E. told her what happened. S.E. continued up the stairs where she told her older sister what happened. As S.E.'s mother was telling Appellant to leave the home, S.E.'s older sister called 9–1–1. Appellant left the house before the police arrived. While the police were in the home, Appellant called and S.E.'s sister answered the phone. She told Appellant the police wanted him to return to the home to talk with them. During this conversation, Appellant told S.E.'s sister that he was trying to get the remote control from the couch where S.E. was lying.

When Appellant returned to the home, Officer Lincoln of the Exeter Township Police Department went outside and saw a fellow officer patting down Appellant and removing a plastic baggie containing marijuana from Appellant's pants pocket. Appellant was arrested and charged with two counts of indecent assault, and one count each of indecent exposure, corruption of minors, and possession of a small amount of marijuana.

[*] Retired Senior Judge assigned to the Superior Court.

Appellant testified in his own defense at trial and explained he woke up around 4 a.m. after falling asleep watching television in a sectional chair across the living room from the couch where S.E. fell asleep. He continued watching TV for another 40 minutes and then heard someone say, "No. No. No." He then saw S.E. jump up and run upstairs. S.E.'s mother came down the stairs into the living room and told Appellant to get out of her house. He explained that he left the home but then called and spoke with S.E.'s sister to find out what happened. He testified that he told S.E.'s sister that he "didn't do anything with [S.E.]." He returned to the home and spoke with police, and denied "doing anything." He did admit smoking marijuana with S.E.'s sister that evening. He speculated that S.E. made accusations against him, not because she was having a bad dream, but because he refused to give her $1,000 for cheerleading camp.

Following deliberations, a jury returned guilty verdicts on one count of indecent assault and on the indecent exposure and corruption of minors charges. The trial court found Appellant guilty of possession of a small amount of marijuana.

... Appellant was sentenced to a term of 88 days (time served) to 23 months for indecent assault. The trial court also imposed concurrent three-year probationary sentences for indecent exposure and corruption of minors, consecutive to the indecent assault sentence, and imposed a $25 fine for possession of a small amount of marijuana for personal use. The trial court also confirmed that Appellant completed his ten-year Megan's Law registration form.

*Commonwealth v. McLaurin*, 1627 MDA 2009, unpublished memorandum at 1–3, 6

A.3d 570 (Pa.Super. filed July 22, 2010) (internal citations omitted). On July 22, 2010, this Court affirmed Appellant judgment of sentence. *Id.*

On March 10, 2011, Appellant filed a timely, counseled PCRA petition raising several claims of the ineffective assistance of trial counsel. After the Commonwealth filed a response to Appellant's petition, the PCRA court notified Appellant of its intention to dismiss his petition pursuant to Pennsylvania Rule of Criminal Procedure 907 and set forth its reasons why an evidentiary hearing was unnecessary. On August 10, 2011, the PCRA court dismissed Appellant's petition. This timely appeal followed.

■■■ In reviewing a challenge to an order denying a PCRA petition, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa.Super.2012) (citations omitted).

Appellant claims the PCRA court erred in denying his petition without an evidentiary hearing as he alleges his various claims of the ineffective assistance of his trial counsel entitle him to a new trial. Specifically, Appellant claims his trial counsel was ineffective in (1) failing to seek the suppression of marijuana found on his person, (2) failing to call character witnesses, (3) failing to properly cross-examine and impeach the victim's mother, (4) failing to raise the issue of tainted testimony, (5) failing to obtain the victim's CYS records, and (6) failing to provide an appropriate defense to the corruption of minors charge.

Our Supreme Court has emphasized, "[a] PCRA petitioner is not entitled to an evidentiary hearing as a matter of right,

but only where the petition presents genuine issues of material fact.... A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." *Commonwealth v. Walker*, —— Pa. ——, 36 A.3d 1, 17 (2011) (citations omitted). Pennsylvania Rule of Criminal Procedure 907 provides that "[a] petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law." Pa.R.Crim.P. 907(2).

As noted above, Appellant raises numerous claims of ineffectiveness of trial counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, —— Pa. ——, 36 A.3d 121, 132 (2012). More specifically,

> [t]o prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999); *Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226, 230 (1994).

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super.2012) (quoting *Commonwealth v. Bracey*, 568 Pa. 264, 276, 795 A.2d 935, 942 (2001)). After reviewing the record and Appellant's petition, we find that Ap-

pellant neither established that there are any genuine issues of material fact nor that he is entitled to post-conviction collateral relief.

■ First, Appellant claims his trial counsel was ineffective in failing to pursue suppression of the marijuana confiscated from his person after the police frisked Appellant for their safety in order to check for weapons. In his petition, Appellant states "[w]hile a patdown for weapons may have been appropriate, there was no reason [for the officers] to believe that a small bag of marijuana was a weapon." PCRA Petition, at 2.

■ However, regardless of the legality of the patdown, the PCRA court concluded that this claim had no arguable merit because the marijuana was admissible under the inevitable discovery doctrine upon a search incident to arrest for indecent assault. The inevitable discovery doctrine provides the following:

> [i]f the prosecution can establish by a preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means, then the evidence is admissible. The purpose of the inevitable discovery rule is to block setting aside convictions that would have been obtained without police misconduct. Thus, evidence that ultimately or inevitably would have been recovered by lawful means should not be suppressed despite the fact that its actual recovery was accomplished through illegal actions. Suppressing evidence in such cases, where it ultimately or inevitably would have lawfully been recovered, "would reject logic, experience, and common sense."

*Commonwealth v. Gonzalez*, 979 A.2d 879, 890 (Pa.Super.2009) (quoting *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)). In *Gonzalez*, this

Court found that cocaine which police seized from Gonzales's apartment was admissible under the inevitable discovery doctrine regardless of the legality of the police interaction as the officers had probable cause to arrest Gonzales and had facts to support the issuance of a search warrant for his apartment after Gonzales voluntarily showed police he had cocaine and a wad of cash in his pocket and officers observed drug paraphernalia in plain view in his apartment. *Gonzalez,* 979 A.2d at 891.

■ Likewise, in this case, the police had probable cause to believe Appellant had committed an indecent assault and had the power to lawfully arrest Appellant on those grounds.[1] Appellant does not challenge the officers' authority to arrest him for the indecent assault but limits his claim to challenge the officer's decision to retrieve the marijuana from Appellant's pants. As the marijuana would have inevitably been discovered in a search incident to arrest, counsel cannot be deemed ineffective for failing to raise this meritless claim.

■ Second, Appellant argues that trial counsel was ineffective in failing to call witnesses to testify to his character as a "law-abiding individual." PCRA Petition, at 2. Our courts have set forth the procedure by which a petitioner must properly plead and prove his claim that trial counsel was ineffective in failing to call a witness:

> In order to prevail on a claim of ineffectiveness for failing to call a witness, a defendant must prove, in addition to meeting the [main ineffectiveness

prongs], that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Walls,* 993 A.2d 289, 302 (Pa.Super.2010) (quoting *Commonwealth v. Wright,* 599 Pa. 270, 331, 961 A.2d 119, 155 (2008) (citations omitted)).

■ "Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense." *Commonwealth v. Khalil,* 806 A.2d 415, 422 (Pa.Super.2002), *appeal denied,* 572 Pa. 754, 818 A.2d 503 (2003) (citing *Commonwealth v. Davis,* 381 Pa.Super. 483, 554 A.2d 104 (1989)). In *Khalil,* this Court dismissed the appellant's claim that counsel was ineffective for failing to call certain witnesses without an evidentiary hearing because the appellant failed to provide *sworn* statements from the putative witnesses indicating that they were available and willing to testify or that counsel knew of their existence. *Khalil,* 806 A.2d at 422. This Court provided that we "will not grant relief based on an allegation that a certain witness may have testified in the absence of an affidavit from that witness to show that the witness would, in fact, testify." *Id.* at 422–23.

■ Similarly, in this case, Appellant failed to properly plead and prove his ineffectiveness claim as he simply listed four-

---

1. The inquiry into whether probable cause exists is an objective test; probable cause is shown when "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are suffi-

cient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Dixon,* 997 A.2d 368, 377 (Pa.Super.2010) (citation omitted) (emphasis added).

teen individuals in his PCRA petition that allegedly would have been available and willing to testify at trial to Appellant's good character. PCRA Petition, at 2. After making this bald assertion, Appellant did not offer any other proof of the existence of these witnesses or their proposed testimony. The record does not contain an affidavit from any of the fourteen proposed witnesses. Moreover, Appellant does not claim that counsel even knew these witnesses existed. As Appellant merely listed names of individuals that may have possibly served as character witnesses, Appellant did not show he was entitled to an evidentiary hearing on this ineffectiveness claim.[2]

 Third, Appellant claims trial counsel was ineffective in failing to properly impeach the credibility of the victim's mother, P.E., who was also Appellant's fiancée before this incident. Appellant alleges counsel should have cross-examined P.E. as to her relationship with Appellant after the assault to show she believed Appellant's version of the events in question. The PCRA court was correct in denying this claim as counsel did question P.E. about whether she continued her relationship with Appellant after the alleged assault, and she denied it.

[Defense Counsel:] At the time of this alleged incident on June 22nd of 2008, was [Appellant] living with you?

[P.E.:] No.

[Defense Counsel:] Was he staying over?

[P.E.:] Yes.

[Defense Counsel:] After this happened, did you continue to see him?

[P.E.:] No.

[Defense Counsel:] Never spoke to him?

[P.E.:] Yes, I spoke to him.

[Defense Counsel:] Did you have dinner together?

[P.E.:] No.

[Defense Counsel:] Did you see one another socially after this?

[P.E.:] No.

[Defense Counsel:] Not at all?

[P.E.:] No. We—not socially, but, like I said, I talked to him because he kept calling in regards to his property and regards to maybe that we should get together and sit down and discuss what happened with [the victim]. But I refused to do so.

N.T. Trial, 3/16/09, at 32–33.

 Even though P.E. denied she had any further dealings with Appellant, Appellant claims that defense counsel should have called a witness to testify that P.E. continued her relationship with Appellant after the alleged assault. Similar to Appellant's purported character witnesses, Appellant failed to properly prove counsel should have called this witness as he did not provide an affidavit from this witness or claim that counsel knew she existed. *See Khalil*, 806 A.2d at 422–23. Further, even if Appellant properly presented this claim in his petition, the trial court would not have allowed counsel to impeach P.E. with extrinsic evidence concerning specific instances of her conduct to attack her credibility on such a collateral matter far removed from the main issue of Appellant's guilt. Pa. R.E. 608(b)(1); *Commonwealth v. Hanible*, —— Pa. ——, 30 A.3d

**2.** The PCRA court found Appellant was not prejudiced by the absence of the testimony of his law-abiding character, as he admitted smoking marijuana in front of a minor. "We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm." *Commonwealth v. Williams*, 35 A.3d 44, 47 (Pa.Super.2011) (citations omitted).

426, 458 (2011) (finding specific instances of a victim's violence and threats were inadmissible to attack the victim's credibility under Pa.R.E. 608(b)(1)). We will not find counsel ineffective for refraining to present inadmissible evidence.

■ Appellant also claims his trial counsel should have presented evidence of P.E.'s conviction for welfare fraud to impeach her credibility. Evidence that a witness has been convicted of a crime involving dishonesty or a false statement may be admitted for the purposes of impeachment. Pa. R.E. 609(a). Nevertheless, we agree with the PCRA court's finding that admitting this evidence would not have changed the outcome of the trial as P.E. simply corroborated the victim's account of the assault. The victim and the victim's sister also gave consistent accounts of the events in question, which would have been sufficient evidence to sustain Appellant's convictions.

■ Fourth, Appellant argues trial counsel was ineffective in failing to "cross-examine the victim as to taint." Appellant's Brief at 16. Appellant "disagrees with the victim's version of events and believes that the victim, her mother, and her sister all discussed and coordinated their testimony to prepare for trial." *Id.* at 17. However, as Appellant has cited no legal authorities nor developed any meaningful analysis, we find this issue waived for lack of development. Pa.R.A.P. 2119(a); *Commonwealth v. Johnson,* 604 Pa. 176, 191, 985 A.2d 915, 924 (2009) (finding "where an appellate brief fails to provide any discussion of a claim with cita-

tion to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citations omitted).

■ Even if Appellant had properly developed this claim, it would be dismissed for lack of merit. In claiming that the victim fabricated her testimony, Appellant actually challenges the victim's *credibility* and does not raise an issue of taint, which concerns a child's *competency* to testify at trial.

The core belief underlying the theory of taint is that a child's memory is peculiarly susceptible to suggestibility so that when called to testify a child may have difficulty distinguishing fact from fantasy. Taint is the implantation of false memories or the distortion of real memories caused by interview techniques of law enforcement, social service personnel, and other interested adults, that are so unduly suggestive and coercive as to infect the memory of the child, rendering that child incompetent to testify.

*Commonwealth v. Moore,* 980 A.2d 647, 650 (Pa.Super.2009) (quoting *Commonwealth v. Delbridge,* 578 Pa. 641, 855 A.2d 27 (2003)).

■ Appellant does not question the victim's memory of the events in question,[3] but claims the victim lied about the assault and rehearsed her account of the incident with her mother and sister. Appellant speculates if trial counsel had cross-examined the victim and her family on this point, they would have admitted that they coordinated their testimony. However, trial counsel repeatedly challenged the vic-

---

**3.** Even if Appellant had challenged the victim's competency, the issue of taint would be irrelevant as the victim was fourteen years old. "Pennsylvania courts have clearly and unequivocally stated that taint is only a legitimate question for examination in cases involving complaints of sexual abuse made by *young children.* When a witness is at least fourteen years old, he or she is entitled to the same presumption of competence as an adult witness." *Commonwealth v. Pena,* 31 A.3d 704, 707 (Pa.Super.2011) (citations and quotation marks omitted) (emphasis in original).

tim's credibility on cross-examination and attempted to depict her as a dishonest girl who fabricated the assault to get back at Appellant for refusing to pay $1,000 for her cheerleading camp. The trial court found that the victim's testimony was consistent with the accounts given by her mother and sister and found her to be credible. Appellant's claim is meritless.

 Fifth, Appellant contends his trial counsel was ineffective for failing to obtain the victim's CYS records because he believes these documents "contain corroborating evidence that the alleged victim has lied in the past about significant matters." PCRA Petition, at 7.[4] However, evidence of the victim's dishonesty would not have been admissible as Pennsylvania Rule of Evidence provide "the character of a witness for truthfulness may not be attacked ... by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct." Pa.R.E. 608(b)(1). Even if counsel had obtained these records, Appellant has not shown that the outcome of the trial would have been different as he would not have been allowed to admit this evidence. *See Commonwealth v. Miller*, 605 Pa. 1, 50–51, 987 A.2d 638, 668 (2009) (finding trial counsel was not ineffective for failing to obtain Appellant's drug records when Appellant did not show these records contained any substantial information different from that already presented to the trial court). As a result, the PCRA court did not err in refusing to find trial counsel ineffective in failing to obtain these records.

 Lastly, Appellant claims that trial counsel failed to develop an appropriate defense for his corruption of minors charge. Appellant alleges that trial counsel did not know the corruption of minors charge was based on both the indecent assault and his marijuana use. In his petition, Appellant claims "trial counsel should have cross-examined the Commonwealth witnesses to show that marijuana was never discussed or used in the presence of the alleged victim." PCRA Petition, at 9. Further, Appellant alleges that he would have "testified that he never discussed or used marijuana in the presence of the alleged victim." *Id.*

This claim is meritless as trial counsel thoroughly cross-examined the victim after she claimed she smelled Appellant and her sister smoking marijuana in her living room. Moreover, during his trial testimony, Appellant admitted to this marijuana use and affirmed the victim was telling the truth:

[Prosecution:] On June 22nd, 2008, were you smoking marijuana?

[Appellant:] Yes, I was.

[Prosecution:] Okay. And so [the child victim] told the truth when she said that she smelled marijuana when she came downstairs?

[Appellant:] Yes, she did.

[Prosecution:] Okay. Now you heard [the victim's sister's] testimony?

[Appellant:] Yes.

[Prosecution:] Is that the person you were smoking marijuana with that night?

[Appellant:] Yes, it was.

N.T. Trial, 3/16/09, at 75. As Appellant concedes that he smoked marijuana in the

---

4. In his appellate brief, Appellant vaguely speculates that the CYS records contain evidence of "false allegations of abuse." Even if Appellant had developed this issue further, he failed to raise this claim before the PCRA Court. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). *See Commonwealth v. Paddy*, 609 Pa. 272, 329, 15 A.3d 431, 465 n. 20 (2011) (applying Rule 302(a) in context of the PCRA).

victim's living room and confirms the victim's testimony that she smelled marijuana, we do not see how any further cross-examination of the victim would have convinced a jury that Appellant did not smoke marijuana in front of the minor victim. Thus, this claim is also without merit.

As all of Appellant's claims of ineffectiveness are meritless, we find that he failed to show he is entitled to post-conviction collateral relief. Accordingly, the PCRA court did not err in denying Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.

Order affirmed.

STRASSBURGER, J. files a concurring dissenting opinion.

## CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:

I agree with the majority's disposition of Appellant's claims (3) through (6). However, as I would hold that Appellant has pled sufficient facts to warrant a hearing on his claims (1) and (2), I respectfully dissent.

As to Appellant's claim that counsel was ineffective for failing to seek suppression of the marijuana removed by the police from Appellant's pocket upon Appellant's return to the victim's house on the night of the incident, I agree with the majority and the PCRA court that, if Appellant was going to *Retired Senior Judge assigned to the Superior Court. be arrested, the marijuana would be admissible under the inevitable discovery doctrine. *See, e.g., Commonwealth v. Van Winkle*, 880 A.2d 1280, 1285 (Pa.Super.2005) (holding that evidence obtained after officer exceeded permissible scope of weapons frisk was admissible because it fell within the inevitable discovery exception); *Commonwealth v. Garcia*, 443 Pa.Super. 414, 661 A.2d 1388 (1995) (holding that the defendant

was not entitled to suppression of drugs in his pocket because they inevitably would have been discovered in search incident to arrest). However, I would hold that the PCRA court's determination that Appellant was inevitably going to be arrested at that time is not supported by the record.

The only evidence presently of record on this subject is the trial testimony of Exeter Police Officer Karen Lincoln. Officer Lincoln testified that she and two other officers went to the victim's residence on June 22, 2008, to investigate a "possible sexual assault." N.T., 3/16/2009, at 47. When Appellant returned to the home, Officer Lincoln observed Officer Harley pat down Appellant to make sure he did not bring a weapon with him. *Id.* at 49. During the protective frisk, Officer Harley pulled a plastic baggie with marijuana residue from Appellant's front pants pocket. *Id.* No officer testified that Appellant would have been arrested at that time had they not discovered the marijuana.

As such, I would hold that Appellant's claim is not patently frivolous based upon on the present record, and that the PCRA court erred in denying Appellant the opportunity to prove his claim at a hearing. *See, e.g., Walls*, 993 A.2d at 299 ("Certainly, the issue cannot be deemed patently frivolous and without any support in the record or from other evidence, which is the standard for dismissing a PCRA petition without a hearing.").

In his second claim, Appellant alleges that trial counsel was ineffective for failing to call character witnesses. Appellant alleges that the 14 witnesses listed in his PCRA petition, of whom trial counsel knew or should have known, would have testified at a hearing that they were available to testify at trial as to Appellant's character as a truthful and law-abiding person. Appellant's Brief at 13. Appellant claims

that he was prejudiced by counsel's failure to call any of these witnesses. *Id.*

The majority holds that dismissal of this claim was proper because Appellant failed to offer proof of the existence of the witnesses and did not attach affidavits from them concerning their proposed testimony. The PCRA court did not cite this pleading defect as a reason for dismissing the claim.[1] Rather than affirm dismissal on this basis, therefore, the appropriate remedy would be to remand to allow Appellant's counsel to rectify the deficiency. *See Commonwealth v. Williams,* 566 Pa. 553, 782 A.2d 517, 526–527 (2001) (remanding case because the appellant was not put on notice of the need to amend the petition to cure a pleading defect); Pa.R.Crim.P. 905(B) ("When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which the amended petition shall be filed.").

"In a case such as this, where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility." *Commonwealth v. Hull,* 982 A.2d 1020, 1025 (Pa.Super.2009) (quoting *Commonwealth v. Weiss,* 530 Pa. 1, 606 A.2d 439, 442 (1992)). As we stated long ago,

> [e]vidence of good character is substantive and positive evidence, not a mere make-weight to be considered in a doubtful case, and, according to all our authorities, is an independent factor which may of itself engender a reasonable doubt or produce a conclusion of innocence. To be sure, it is to be **considered** with all the other evidence in the case. But it is not to be **measured** with or by other evidence. Its probative value, its power of persuasion, does not depend upon, and is not to be measured by, or appraised according to, the might or the infirmity in the Commonwealth's case. Even though, under all the other evidence a jury could reach a conclusion of guilt, still if the character evidence creates a reasonable doubt or establishes innocence a verdict of acquittal must be rendered.

*Commonwealth v. Padden,* 160 Pa.Super. 269, 50 A.2d 722, 725 (1947) (emphasis in original) (internal citations omitted) (cited with approval in *Commonwealth v. Wood,* 432 Pa.Super. 183, 637 A.2d 1335, 1352 (1994)). As such, when character evidence is offered, "[a] criminal defendant must receive a jury charge that evidence of good character (reputation) may, in and of itself, (by itself or alone) create a reasonable doubt of guilt and, thus, require a verdict of not guilty." *Commonwealth v. Neely,* 522 Pa. 236, 561 A.2d 1, 3 (1989) (emphasis added).

Thus, the PCRA court's dismissive rejection of Appellant's second claim upon noting that "[r]eputation is an idle and most false imposition; oft got without merit ... [,]" Order and Notice of Intent to Dismiss, 6/30/2011, at 6, is contrary to the well-established principles of this Commonwealth, and particularly onerous in a he-said, she-said case such as the one before us. Therefore, I would hold that Appellant's claim that counsel was ineffective for failing to present character witnesses is not patently frivolous, and that a hearing

---

1. The PCRA petition does include a "Certification of Witnesses" which offers the name and address of each witness and indicates that each would testify to Appellant's character as a law-abiding person. In this instance, where the PCRA court failed to note any defect in this procedure and the testimony at issue relates to character evidence, I would hold that Appellant's petition is sufficiently compliant with the rules to allow us to address the issue on the merits.

is required to determine whether Appellant is entitled to relief based upon the evidence the proposed character witnesses would have offered, whether counsel knew or should have known of the witnesses, and counsel's basis for not calling them.

"Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one **meaningful** opportunity to have . . . issues reviewed, at least in the context of an ineffectiveness claim." *Commonwealth v. Hampton*, 718 A.2d 1250, 1252 (Pa.Super.1998) (internal quotation omitted) (emphasis in original). I believe the majority's affirmance of the dismissal, without a hearing, of Appellant's above-referenced claims in his first PCRA petition fails to provide Appellant the meaningful opportunity to have his issues reviewed to which he is entitled.