J-S48010-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| CHAD EVERETT WANDEL, | : | |
| | : | |
| Appellant | : | No. 484 MDA 2014 |

Appeal from the Judgment of Sentence January 6, 2014,
Court of Common Pleas, Luzerne County,
Criminal Division at No. CP-40-CR-0004005-2012

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 08, 2014**

Chad Everett Wandel ("Wandel") appeals from the judgment of sentence entered on January 6, 2014 by the Court of Common Pleas of Luzerne County, Criminal Division, following his conviction for driving under influence of alcohol or controlled substance, minors ("DUI – minors").[1]  After careful review, we affirm.

The relevant facts and procedural history in this case are as follows. On April 21, 2011, shortly after midnight, Sergeant Damian Hoover ("Sergeant Hoover") of the Lehman Township Police Department responded to a motor vehicle crash on State Route 118 near Pike's Creek Park involving a silver Audi and a motorcycle.  By the time Sergeant Hoover arrived at the scene, paramedics had transported the driver of the motorcycle to a local

---

[1]  75 Pa.C.S.A. § 3802(e).

*Retired Senior Judge assigned to the Superior Court.

hospital and Wandel, the driver of the silver Audi, had fled the scene of the crash. However, while Sergeant Hoover was investigating the crash, Wandel's father returned Wandel to the scene. While Sergeant Hoover questioned Wandel, who was 18-years-old on the night in question, he noticed an odor of alcohol on Wandel's person and breath. Sergeant Hoover placed Wandel under arrest and transported him to Wilkes-Barre General Hospital for a blood alcohol concentration ("BAC") test. The test revealed that Wandel's BAC was .047 percent.

On November 25, 2013, following a bench trial, the trial court found Wandel guilty of DUI – minors. On January 6, 2014, the trial court sentenced Wandel to seven days to six months of house arrest. Additionally, the trial court also fined Wandel $500.00, required him to enroll in an alcohol highway safety program, undergo evaluation for drug and alcohol treatment, and pay $307.00 to Wilkes-Barre General Hospital in restitution for his BAC test. Wandel also received a PENNDOT imposed driver's license suspension. That same day, Wandel filed post-sentence motions. On January 14, 2014, the trial court denied Wandel's post-sentence motions.

On February 3, 2014, Wandel filed a notice of appeal to this Court. On appeal, Wandel raises the following issue for our review:

> **Sufficiency of a Blood Test Result.** For DUI—minor, blood-alcohol content may not be 0.02% or higher within two hours after the minor has driven. Here, the Commonwealth presented admissible evidence for Wandel's blood alcohol result. The

Commonwealth, however, failed to present evidence that the result is reliable and likely accurate. The laboratory improperly calibrates its blood-testing machine. Therefore, is this weak and inconclusive evidence insufficient to show Wandel's alcohol concentration was .02% or higher within two hours of driving?

Wandel's Brief at 4 (footnote omitted).

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record 'in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.' *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). 'Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.' *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, 'the Commonwealth need not establish guilt to a mathematical certainty.' *Id.*; *see also Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) ('[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence'). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, '[t]he fact that the evidence establishing a defendant's

> participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.' *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–39 (Pa. Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (quoting *Commonwealth v. Pettyjohn*, 64 A.3d 1072, 1074-75 (Pa. Super. 2013)).

Section 3802(e) of the Vehicle Code states the following:

> A minor may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the minor's blood or breath is 0.02% or higher within two hours after the minor has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(e). Thus, in order for a person to be in violation of section 3802(e), the Commonwealth must prove that the person was a minor,[2] was driving, operating, or controlling a vehicle, and had a BAC of .02 percent or higher within two hours after driving, operating, or controlling the vehicle. *See id.*

---

[2] The vehicle code defines a minor as "[a]n individual who is under 21 years of age." 75 Pa.C.S.A. § 3801.

Although Wandel concedes that he is a minor, that he was operating a vehicle on the night in question, and that Wilkes-Barre General Hospital obtained his BAC within two hours of operating that vehicle, Wandel asserts that there was insufficient evidence to conclude that his BAC was .047 percent. Wandel's Brief at 5. Thus, the only element of the DUI – minors statute that Wandel claims the Commonwealth did not sufficiently prove is that his BAC was greater than .02 percent. Wandel contends that the gas chromatograph instrument used to measure his BAC was improperly calibrated, causing results that were both inaccurate and unreliable. *Id.* at 9-16. Therefore, Wandel argues that the Commonwealth failed to provide sufficient evidence supporting his conviction for DUI – minors. *Id.* at 16-22.

We conclude that the trial court did not err in finding that Wandel's sufficiency of the evidence claim fails.[3] Our Court has held that "[a] claim challenging the sufficiency of the evidence . . . asserts that there is insufficient evidence to support at least one material element of the crime for which Appellant has been convicted." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (citation omitted). Thus, as soon as the trial court has admitted proof of each material element of a crime into evidence, an appellant's sufficiency of the evidence claim will fail. *See id.*

---

[3] We note that our rationale in reaching this conclusion differs from that of the trial court. However, "[w]e can affirm the [trial] court's decision if there is any basis to support it, even if we rely on different grounds to affirm." *Commonwealth v. McLaurin*, 45 A.3d 1131, 1138 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).

Wandel readily concedes that the trial court admitted into evidence proof that his BAC on the night in question was .047 percent. **See** Wandel's Brief at 4. In his appellate brief, Wandel states, "[h]ere, the Commonwealth presented admissible evidence for Wandel's blood alcohol result."[4] **Id.** Therefore, because Wandel concedes that the trial court admitted into evidence proof that his BAC on the night question was .047 percent, which is the sole element of the DUI – minors statute that he contests, Wandel's sufficiency of the evidence claim fails. **See Lyons**, 833 A.2d 245, 258 (Pa. Super. 2003) (citation omitted).

Wandel's appellate brief confuses a challenge to the sufficiency of the evidence with a challenge to the weight of the evidence. In his appellate brief, Wandel cites the standard of review for sufficiency of the evidence claims, titles the issue he presents "[s]uffiency of a blood test result," and refers numerous times throughout the remainder of his brief to the sufficiency of the evidence. **See** Wandel's Brief at 3-4, 6-8, 16, 19, 22-23. However, the argument that Wandel makes throughout his brief is a weight of the evidence argument.

Wandel argues that his BAC test results are potentially inaccurate and unreliable because according to his expert's opinion, the laboratory at Wilkes-Barre General Hospital improperly calibrated the gas chromatograph

---

[4] Our review of Wandel's trial transcript reveals that the trial court admitted into evidence proof that Wandel's BAC was .047 percent on the night in question, without objection. **See** N.T., 11/25/13, at 121-22.

instrument used to measure his BAC. Wandel's Brief at 9-16. Our Court has held that the challenges to the reliability of BAC test results are challenges that go to the weight of the evidence. *Commonwealth v. Sullivan*, 581 A.2d 956, 959 (Pa. Super. 1990); *see also Commonwealth v. Shiffler*, 541 A.2d 780, 783 (Pa. Super. 1988) (determining that a challenge to the reliability of BAC results goes to the weight of the evidence).

Moreover, what Wandel asks us to do is afford more weight to the testimony of his expert witness over that of the Commonwealth's expert, the medical technologist who ran Wandel's BAC test. *See* Wandel's Brief at 9-16. This Court has held that "[a]n argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence." *Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Pa. Super. 2009). Therefore, based on the foregoing authority, it is clear that Wandel has raised a sufficiency claim in which he presents a weight of the evidence argument.

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999). Because Wandel raised a sufficiency

claim in which he presents a weight of the evidence argument, his sufficiency claim also fails for that reason.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2014