J-S53002-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDON MOOREFIELD, | : | |
| | : | |
| Appellant | : | No. 731 WDA 2013 |

Appeal from the Judgment of Sentence January 23, 2012,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0004682-2010

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 20, 2014**

Brandon Moorefield ("Moorefield") appeals from the judgment of sentence entered on January 23, 2012 in the Court of Common Pleas of Allegheny County following the reinstatement of his direct appeal rights *nunc pro tunc* on April 17, 2013.  Moorefield's appeal stems from his convictions for possession with intent to deliver a controlled substance,[1] delivery of a controlled substance,[2] and possession of a controlled substance.[3]  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> [On] February 17, 2010, Lieutenant Lando obtained
> a phone number of a possible drug dealer from an

---

[1]  35 P.S. § 780-113(a)(30).

[2]  35 P.S. § 780-113(a)(30).

[3]  35 P.S. § 780-113(a)(16).

*Retired Senior Judge assigned to the Superior Court.

informant. Using software available to him in his office, he was able to do a 'reverse look-up' of the phone number and determine that the number was registered to 'Bran Moorefield.' […] Lieutenant Lando was familiar with [Moorefield]. When the reverse look-up revealed that the phone number was registered to 'Bran Moorefield,' he suspected that [Moorefield] was the owner of the phone number provided by the informant.

Lieutenant Lando called the number provided by the informant, and a male voice answered. He asked the person answering the phone, 'Are you good?', which is lingo for whether the person answering the call was holding drugs and able to sell them. The man who answered told Lieutenant Lando that he was good and asked how much money [Lieutenant] Lando had. Lieutenant Lando told him that he had $60 and asked what kind of 'bags' he had, referring to stamp bags of heroin. The man told Lieutenant Lando that he had King James (a brand of heroin that was being sold at the time), and Lieutenant Lando and the man answering the phone set up a meeting in Hazelwood. In preparation for the meeting, Lieutenant Lando obtained from their files the photograph and rap sheet of Brandon Moorefield for identification purposes.

\* \* \*

[…] When Lieutenant Lando arrived at the meeting location, he again called the phone number previously identified as belonging to Bran Moorefield to notify the person answering the phone that he was at the specified location.

At approximately 7:57 p.m., a black male wearing a brown coat and jeans approached the undercover car, and Lieutenant Lando immediately recognized the man as [Moorefield]. He was able to compare the man who approached his car to the rap sheet photo that he was holding in the car as the man approached. Lieutenant Lando received confirmation

from the surveillance team that the team members also saw [Moorefield] and confirmed that it was [him].

[Moorefield] walked past the undercover car, looked up the street and looked both ways, and then came back to the car. Lieutenant Lando handed him $60, and [Moorefield] handed him six (6) stamp bags of heroin that were labeled 'King James.' [Moorefield] then quickly walked away behind some houses, which prevented the takedown team from arresting [him] at that time. According to Lieutenant Lando's testimony, it would have been unsafe to attempt to arrest [Moorefield] at that moment, as it could have resulted in a police chase through a dark wooded area. An arrest warrant was issued, and [Moorefield] was arrested on March 3, 2010.

Detective Glenn Hairston [("Detective Hairston")] of the City of Pittsburgh Police Department, who was conducting surveillance for the undercover operation on February 17, 2010, also identified [Moorefield] as the drug dealer in the undercover buy. Detective Hairston was mobile, in a vehicle, while conducting surveillance. During the course of the surveillance, he had, at times, driven past Lieutenant Lando's vehicle and past [Moorefield] as he walked down the street. He had also parked on the other side of the street, watching the transaction through binoculars. Detective Hairston also had a photograph of the Defendant with him, and, although he could not clearly see the transaction, he was able to clearly and definitively identify [Moorefield] as the person who walked up to Lieutenant Lando's undercover vehicle.

Following the presentation of the Commonwealth's case, [Moorefield] moved for a [j]udgment of [a]cquittal, which this court denied. [Moorefield] was found guilty of all counts and proceeded to sentencing, where he received a sentence of 11½ [to] 23 months [of] incarceration in the Allegheny

County Jail, followed by a period of five (5) years [of] probation.

Trial Court Opinion, 4/22/14, at 2-6 (citations to the record omitted).

Following sentencing, Moorefield did not file any post-trial motions or a direct appeal. On January 24, 2013, Moorefield filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel to represent Moorefield and granted him leave to file an amended PCRA petition. Rather than filing an amended PCRA petition, Moorefield filed a petition to reinstate his direct appeal rights *nunc pro tunc*. On April 17, 2013, the PCRA court reinstated Moorefield's direct appeal rights.

On April 30, 2013, Moorefield filed a notice of appeal. On May 24, 2013, the trial court ordered Moorefield to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On June 6, 2013, Moorefield timely filed his Rule 1925(b) statement. On appeal, Moorefield raises the following issue for review:

> The Commonwealth failed to meet its burden of proof where evidence of record failed to prove beyond a reasonable doubt that [Moorefield] and not some other unknown black male sold narcotics to an undercover police officer.

Moorefield's Brief at 8.[4]

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences

---

[4] Moorefield raised an evidentiary issue and a discretionary aspect of sentencing issue in his 1925(b) statement, but failed to include these issues in the statement of questions section of his appellate brief. **See** Moorefield's Brief at 8. "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). As a result, Moorefield has waived these claims. Waiver is further supported by the fact that Moorefield included no argument on these issues in his appellate brief. **See** Moorefield's Brief at 12-16. Where an "[a]ppellant has cited no legal authorities nor developed any meaningful analysis, we find [the] issue waived for lack of development." **Commonwealth v. McLaurin**, 45 A.3d 1131, 1139 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) (citing Pa.R.A.P. 2119(a)); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009)).

> drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted).

In his challenge to the sufficiency of the evidence, Moorefield only contests the police's identification of him during the drug transaction. Moorefield's Brief at 12-16. Moorefield argues that the Commonwealth did not prove beyond a reasonable doubt that he, and not some other African-American male, was the individual that sold narcotics to the undercover detective. *Id.* Moorefield asserts that police could not have identified Moorefield beyond a reasonable doubt because Lieutenant Lando's interaction with the suspect was brief, because the transaction occurred on a darkened street, because Lieutenant Lando had never met Moorefield before, because the detectives needed a photograph to identify Moorefield, and because Lieutenant Lando did not know who he was speaking to on the phone. *Id.* at 15-16. Accordingly, Moorefield contends that the trial court's verdict was based on speculation and conjecture. *Id.*

We conclude that the trial court did not err in finding that the evidence supporting the police's identification of Moorefield was sufficient to sustain

each of his convictions.  Lieutenant Lando testified that he received from an informant the phone number of somebody by the name of "B" who was supposedly selling heroin.  N.T., 1/23/12, at 9, 24.  After discovering that this phone number was registered to a "Bran Moorefield," Lieutenant Lando called the phone number, spoke to an unknown individual, and arranged to buy six bags of heroin for $60.  *Id.* at 10-11.  Being already familiar with Moorefield and suspecting that he was the drug dealer in this case, Lieutenant Lando took with him to the undercover operation a photograph of Moorefield that the police had on file.  *Id.* at 10.  After Lieutenant Lando arrived at the specified meeting location for the drug deal, he observed an individual approach his vehicle that he recognized as Moorefield from the photograph.  *Id.* at 15.  Moorefield walked past Lieutenant Lando's vehicle and then returned to the passenger side of his vehicle.  *Id.* at 15, 33-34.  At that point, Moorefield stuck his head in the passenger side window of the vehicle and completed the drug transaction.  *Id.* at 14.  Lieutenant Lando also testified that he parked under a street lamp so that he would have good visibility and that he had a clear view of Moorefield's face during the transaction.  *Id.* at 15, 42-43.  Likewise, Detective Hairston, who was providing surveillance on the night in question, testified that he identified Moorefield, using the same photograph as Lieutenant Lando, as Moorefield approached Lieutenant Lando's vehicle.  *Id.* at 46.

Thus, the certified record supports the police's identification of Moorefield during the pre-arranged drug transaction. As the fact-finder, the trial court was free to accept or reject the credibility of both witnesses, and to believe all, part, or none of the evidence. **See Franklin**, 69 A.3d at 722-23. Here, the trial court found the testimony of Lieutenant Lando and Detective Hairston credible. Trial Court Opinion, 4/22/14, at 8-9. We decline to substitute our judgment for that of the trial court. Based on the foregoing, we conclude that the trial court did not err in finding that the evidence supporting the police's identification of Moorefield was sufficient to sustain each of his convictions.

Judgment of sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014