J-S63019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT CHARLES VICTOR | |
| Appellant | No. 396 MDA 2013 |

Appeal from the Judgment of Sentence January 30, 2013
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000553-2011

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 19, 2014**

Appellant, Robert Charles Victor, appeals from the judgment of sentence entered by the Honorable Shawn D. Meyers, Court of Common Pleas of Franklin County.  After careful review, we affirm.

The parties to this appeal have stipulated, pursuant to Pa.R.A.P. 1923, to the following recitation of the facts underlying this appeal:

> On the 11th day of March, 2011, Trooper [Gerald] Powell received information from a confidential informant that he could purchase cocaine and marijuana from an individual identified as "Vic."  The confidential informant (hereafter "CI") related that Vic was known to drive from the State of Maryland in either a silver or gray Mustang or a yellow Oldsmobile.  Trooper Powell had used the CI on one prior occasion, subsequent to which a criminal defendant was arrested for possessing with intent to sell narcotics to the CI.  In addition, Officer John Martin of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Washington County Sheriff's Department had advised Trooper Powell that the same CI had been used by him for seven cases which resulted in federal indictments.

Subsequently, the CI and "Vic" exchanged a telephone call. During the course of the call a meeting was set up between the CI and the individual identified as "Vic" to take place at the Sheetz store in Greencastle, Franklin County, Pennsylvania, near an exit off Interstate 81. Subsequently, a call was placed between the CI and "Vic" in which it was learned that "Vic" was not going to be meeting the CI at the Sheetz store, but was located at a carwash a short distance from the Sheetz. Trooper Powell took the CI in his truck to an area near the carwash. After making a visual identification of "Vic," which was confirmed by the CI, Trooper Powell radioed other officers who left their surveillance positions and took the defendant, Robert C. Victor, into custody after having surrounded his vehicle. Trooper [John] Brumbaugh asked Mr. Victor for permission to search the Mustang. Mr. Victor advised the police that they should "get a dog." Mr. Victor denied permission to search the vehicle, after which he was placed in a police vehicle in handcuffs. The troopers and officers on the scene then proceeded to obtain a canine to perform a sniff search of the outside of Mr. Victor's vehicle. There was testimony that Trooper Powell attempted to secure a canine unit from resources within the Commonwealth of Pennsylvania, and that having exhausted their immediate availability, he contacted Officer Martin in Washington County, Maryland, after which a dog identified as "Inga" performed a search of the car and hit on the outside of the vehicle. Subsequently, a search warrant was obtained and cocaine was seized from the vehicle.

Trial Court Finding of Facts and Opinion, 4/4/12, at 1-2.

The Commonwealth charged Victor with possession with intent to deliver cocaine ("PWID"). Prior to trial, Victor moved to suppress the cocaine, arguing that it was the fruit of an illegal search and seizure. After a hearing, the trial court denied Victor's motion, and after a one-day trial, a

jury convicted Victor of PWID. Thereafter, the trial court sentenced Victor to a term of imprisonment of 48 to 96 months. This timely appeal followed.

On appeal, Victor argues that the trial court erred in denying his pre-trial motion to suppress. Pursuant to our standard of review, when a defendant appeals from a suppression order, we consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. **See Commonwealth v. Swartz**, 787 A.2d 1021, 1023 (Pa. Super. 2001) (*en banc*). "With respect to factual findings, we are mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented." **Id**. (citation omitted). Factual findings that are not supported by the evidence may be rejected as only those findings that are supported by the record are binding on this Court. **See Commonwealth v. Snell**, 811 A.2d 581, 584 (Pa. Super. 2002). We may only reverse if the trial court's legal conclusions drawn from its factual findings are in error. **See Commonwealth v. Bomar**, 826 A.2d 831, 842 (Pa. 2003).

Both the Fourth Amendment of the United States Constitution as well as Article I, § 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures. A warrantless search is deemed unreasonable and therefore impermissible, unless an established exception applies. **See Schneckloth v. Bustamonte**, 412 U.S. 218, 219 (1973).

One such exception is the automobile exception. ***See Commonwealth v. Gary***, 91 A.3d 102 (Pa. 2014). Warrantless vehicle searches and seizures must be justified by probable cause. ***See id***. Where there is probable cause, police may search the vehicle without a warrant. ***See id***. The seizure of a vehicle for an indeterminate amount of time while police attempt to obtain a search warrant cannot be constitutionally justified based upon mere reasonable suspicion. ***See Commonwealth v. Joseph***, 34 A.3d 855, 860, 862 (Pa. Super. 2011).

"The inquiry into whether probable cause exists is an objective test[.]" ***Commonwealth v. McLaurin***, 45 A.3d 1131, 1137 n.1 (Pa. Super. 2012) (citation omitted). Probable cause exists where "the facts and circumstances within the knowledge of the officer are based upon reasonable trustworthy information and are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." ***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009) (citation and internal quotation marks omitted). In order to determine whether probable cause exists, we apply the totality of the circumstances test. ***See id***. In ***Joseph***, our Supreme Court found that probable cause was not met when a trooper observed air fresheners and soaps in the defendant's car and the defendant had a history of criminal drug trafficking because those were not factors to give the trooper a firm basis that there were drugs in the defendant's car at that time. ***See*** 34 A.3d at 863.

Victor argues that under the totality of the circumstances, Trooper Powell did not have probable cause sufficient to justify the impoundment of his vehicle while waiting for the dog sniff.[1]  The trial court found that Trooper Powell had established the reliability of the CI through testimony that the CI had provided information that led to the arrest of a defendant for PWID narcotics.  **See** Trial Court Finding of Facts and Opinion, 4/4/12, at 7. Furthermore, Trooper Powell had been informed of the CI's assistance in procuring federal indictments in Maryland.  **See id**.

The trial court also found that the CI's information was also verifiable in specific details.  The CI informed Trooper Powell that he could purchase cocaine and marijuana from a man named "Vic."  **See id**., at 1.  The CI arranged to purchase cocaine and marijuana from Vic at the Sheetz location. **See id**., at 8.  The CI further informed Trooper Powell that Vic would be in a silver or gray Mustang or a yellow Oldsmobile, and that the location of the meet had been modified to a nearby car wash.  **See id**.  Upon driving by the car wash, the CI positively identified Vic, who was vacuuming his silver or gray Mustang.  **See id**.

---

[1] Victor also notes, but does not focus on, the then-existing requirement that there be additional exigent circumstances to justify the warrantless seizure of his vehicle.  However, this showing is no longer required to justify warrantless searches and seizures of automobiles; probable cause is the only requirement. **See Gary**.

Under these circumstances, we cannot conclude that the trial court abused its discretion or misapplied the law. The facts and information in Trooper Powell's possession were sufficient to permit a reasonable person to conclude that cocaine and marijuana were inside the Mustang at that time. The fact that Trooper Powell was unsure of whether he had met the probable cause standard at the time of the seizure is not relevant to the determination, as the standard applied is an objective one. We therefore conclude that Victor's sole issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2014