J-A32033-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGG R. CARIGNAN, | : | |
| | : | |
| Appellant | : | No. 300 MDA 2017 |

Appeal from the Judgment of Sentence January 20, 2017
in the Court of Common Pleas of Cumberland County,
Criminal Division, at No(s): CP-21-SA-0000212-2016

BEFORE:   OTT, DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 31, 2018**

Gregg Carignan (Appellant) appeals *pro se* from the judgment of sentence to pay a fine of $15 following a summary conviction for parking illegally.  We affirm.

On January 13, 2016, Appellant received a traffic citation for parking an unhitched trailer on a roadway in Hampden Township in violation of a local ordinance that provides as follows.

> It shall be unlawful for any person to park a trailer (which shall mean a vehicle without motive power, designed to carry property of [sic] passengers or designed and used exclusively for living quarters wholly on its own structure, and to be drawn by a motor vehicle or tractor and including, but not limited to, house trailers, boat trailers and rental handling trailers), upon any street or highway in the Township, without having attached to such trailer a means of mechanical traction constructed or designed for the purpose of drawing such trailer.

---

*Retired Senior Judge assigned to the Superior Court.

Hampden Township, Pa., Code of Ordinances, ch. 15, § 405(2) (1999) ("Ordinance 99-03"). On June 27, 2016, Appellant was found guilty following a summary trial before a magistrate. Appellant timely filed a notice of appeal to the Cumberland County Court of Common Pleas on July 26, 2016. A *de novo* hearing was held on January 13, 2017, wherein Appellant challenged the validity of Ordinance 99-03. On January 20, 2017, the trial court found Appellant guilty and sentenced him as noted above. Simultaneously, the trial court issued an opinion finding Ordinance 99-03 valid.

Appellant timely filed a notice of appeal.[1] On appeal, Appellant has set forth several issues in a rambling and incoherent fashion. His statement of questions lists seven questions for our review, but his argument section is not divided into seven parts; rather, it is one long argument spanning eight pages.[2] Appellant's Brief at 3, 5-13. In attempting to examine the issues raised by Appellant, we have distilled his claims into four questions for our review.

1. Whether Ordinance 99-03 is invalid and in violation of 75 Pa.C.S. § 3353 because Hampden Township did not conduct a traffic study or erect a traffic-control device in connection with Ordinance 99-03?

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court has not authored a 1925(a) opinion, but we do have the benefit of its January 20, 2017 opinion.

[2] Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued").

2. Whether Ordinance 99-03 discriminates against trailers?

3. Whether Appellant's neighbor tampered with the chains on his trailer?

4. Whether Ordinance 99-03 exceeds the policing authority of Hampden Township because there is no safety hazard and the prohibition is for purely aesthetic reasons?

*See* Appellant's Brief at 3, 5-13.

We first address Appellant's challenge to the validity of Ordinance 99-03. Appellant spends seven of the eight pages of his argument section on this claim, primarily quoting 75 Pa.C.S. § 3353 and 75 Pa.C.S. § 6109 in their entirety, to argue that the ordinance is unenforceable because Hampden Township did not conduct a traffic study or erect a traffic-control device. Appellant's Brief at 5-12.

The subsection of the Motor Vehicle Code relied upon by Appellant provides that

> [t]he department on State-designated highways and local authorities on any highway within their boundaries **may by erection of official traffic-control devices** prohibit, limit or restrict stopping, standing or parking of vehicles on any highway **where engineering and traffic studies indicate** that stopping, standing or parking would constitute a safety hazard or where the stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic.

75 Pa. C.S. § 3353(d) (emphasis added). Subsection 3353(d) makes it clear that a study is required before erecting a traffic control device. Here, Ordinance 99-03 did not involve the erection of a traffic control device.

Accordingly, no study was required, and this statute does not support Appellant's claim.

In the single remaining page of his argument Appellant sets forth his next three claims without reference to any legal authority. "[A]s Appellant has cited no legal authorities nor developed any meaningful analysis, we find [these issues] waived for lack of development." ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014) (quoting ***Commonwealth v. McLaurin***, 45 A.3d 1131, 1139 (Pa. Super. 2012)); ***see also*** Pa.R.A.P. 2119(a) and ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (reiterating that "it is an appellant's duty to present arguments that are sufficiently developed for our review[]"). Appellant provides no more than conclusory arguments, which he claims should result in this Court finding Ordinance 99-03 unenforceable. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Hardy***, 918 A.2d at 771.

Accordingly, after a review of the briefs, record, and applicable case law, we are not persuaded that Appellant's issues warrant relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/18

- 4 -