J-S67009-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC WAYNE SMITH, | : | |
| | : | |
| Appellant | : | No. 42 WDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013,
Court of Common Pleas, Washington County,
Criminal Division at No. CP-63-CR-0000054-2013

BEFORE: DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED NOVEMBER 17, 2014**

Eric Wayne Smith ("Smith") appeals from the judgment of sentence entered on December 6, 2013 in the Court of Common Pleas of Washington County, Criminal Division, following his convictions for indecent assault,[1] false imprisonment,[2] corruption of minors,[3] and terroristic threats.[4] For the following reasons, we affirm.

The trial court accurately summarized the facts of this case as follows:

> In the late summer/early fall of 2012, [R.M.] (age 15), [K.C.] (age 12), and [S.D.] (no age of record) were 'ding dong ditching' in Lawrence, Washington County. When [R.M.] approached 20 Third Street to

---

[1] 18 Pa.C.S.A. § 3126(a)(8).

[2] 18 Pa.C.S.A. § 2903(a).

[3] 18 Pa.C.S.A. § 6301(a)(1)(i).

[4] 18 Pa.C.S.A. § 2706(a)(1).

*Former Justice specially assigned to the Superior Court.

ring the doorbell, [Smith] approached the three juveniles from the side of the house and asked them what they were doing. After [R.M.] explained the prank, [Smith] offered to share some of his marijuana with the juveniles. [R.M.] called his girlfriend, [J.C.] (age 15), to bring a pipe for smoking the marijuana.

When [J.C.] arrived, the four juveniles proceeded to a nearby park with [Smith] to smoke the marijuana. While smoking together, [Smith] told [R.M.] that he was gay, and wondered if [R.M.] knew anyone around [R.M.]'s age that was also gay. When the juveniles asked [Smith] about his age, [Smith] initially stated that he was 27, then changed it twice more during the conversation. Prior to leaving the park, [Smith] provided his cell phone number to [J.C.] and [R.M.].

Over the next month, [J.C.] texted [Smith] frequently to obtain marijuana. On occasion, [J.C.] would bring her brother [K.C.] with her to pick up the marijuana at [Smith]'s residence or smoke it there with [him]. [Smith] lived a short walking distance from [J.C. and K.C.'s residence]. [K.C.] began to stop by [Smith]'s house alone to smoke marijuana. [Smith] never charged the juveniles for the marijuana. On those occasions where [Smith] would smoke with [J.C. and K.C.], it would always be outside his house.

One evening in the fall of 2012[,] [K.C.] stopped at [Smith]'s residence to smoke marijuana. [Smith] invited him inside, and [K.C.] and [Smith] smoked marijuana in [Smith]'s living room. [K.C.] asked [Smith] how he knew he was gay. [Smith] asked [K.C.] if he was gay, to which [he] responded he was bisexual. [Smith] asked [K.C.] if he wanted to engage in sexual activity, and [K.C.] said no. Despite this refusal, [Smith] fondled [K.C.]'s genitalia over his clothes. [K.C.] immediately stood up to leave, but [Smith] grabbed his pant leg, causing [K.C.] to fall to the ground. [Smith] threatened [K.C.], and

told him that if he told anyone what happened he would kill him.

In December 2012, while admitted at Southwood Psychiatric Hospital, [K.C.] disclosed the incident to his therapists. Following a forensic interview and notification of law enforcement, [Smith] was charged [with several offenses].

Trial Court Opinion, 5/9/14, at 4-6 (footnotes and record citations omitted).

On August 23, 2013, the trial court held a nonjury trial after which it found Smith guilty of the above-reference crimes. On December 6, 2013, the trial court sentenced Smith to a total of six to twelve years of incarceration. Smith did not file any post-sentence motions in this case. On January 3, 2014, Smith filed a timely notice of appeal. On January 23, 2014, the trial court ordered Smith to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On February 6, 2014, Smith filed a timely Rule 1925(b) statement.

On appeal, Smith raises the following issues for our review:

DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE, AS A MATTER OF LAW, OF EACH OF THE COUNTS:

    A.    FALSE IMPRISONMENT;

    B.    CORRUPTION   OF   MINORS   (TWO COUNTS);

    C.    TERRORISTIC THREATS; AND

> D. INDECENT ASSAULT, PERSON LESS THAN 16.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record 'in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.' ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (2000). 'Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.' ***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, 'the Commonwealth need not establish guilt to a mathematical certainty.' ***Id.***; ***see also Commonwealth v. Aguado***, 760 A.2d 1181, 1185 (Pa. Super. 2000) ('[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence'). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. ***See Commonwealth v. DiStefano***, 782 A.2d 574, 582 (Pa. Super. 2001).
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***See Brewer***, 876 A.2d at 1032. Accordingly, '[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.' ***Id.*** (quoting ***Commonwealth v. Murphy***, 795 A.2d 1025, 1038–39 (Pa. Super. 2002)). Significantly, we may not substitute our judgment for that of the fact

> finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (quoting *Commonwealth v. Pettyjohn*, 64 A.3d 1072, 1074-75 (Pa. Super. 2013)).

The argument section of Smith's appellate brief consists of four sections. *See* Smith's Brief at 8-10. Each section addresses the four crimes (false imprisonment, corruption of minors, terroristic threats, and indecent assault) for which Smith challenges the sufficiency of the evidence. *See id.* In each section, Smith quotes the statutory provision that defines each of the four crimes. *See id.* Following each statutory provision, Smith provides approximately four to seven lines of argument in which he claims that the witness testimony supporting his convictions for each crime is incredible, unreliable, and contradictory. *See id.*

This Court has consistently held that "credibility determinations are made by the fact finder and that challenges thereto go to the weight, and not the sufficiency, of the evidence." *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Pa. Super. 2009) ("An argument that the finder of fact should have credited one witness' testimony over that of another witness

goes to the weight of the evidence, not the sufficiency of the evidence."). Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999); *see also Gibbs*, 981 A.2d at 281-82 (finding that a sufficiency claim raising weight of the evidence arguments would be dismissed).

Smith clearly confuses a challenge to the sufficiency of the evidence with a challenge to the weight of the evidence. In his appellate brief, Smith cites the standard of review for sufficiency of the evidence claims, challenges the sufficiency of the evidence in the statement of questions involved, and refers to the evidence in this case as "insufficient as a matter of law" in his summary of the argument. *See* Smith's Brief at 2, 4, 7. However, the arguments that Smith makes throughout the rest of his brief pertaining to witness credibility and reliability challenge the weight of the evidence, not its sufficiency. Because Smith has raised sufficiency claims in which he presents weight of the evidence arguments, his sufficiency claims must fail.[5] *See Small*, 741 A.2d at 672.

---

[5]  We note that our rationale in reaching this conclusion differs from that of the trial court. However, "[w]e can affirm the [trial] court's decision if there is any basis to support it, even if we rely on different grounds to affirm."

Judgment of sentence affirmed.

Mundy, J. joins the Memorandum.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2014

---

***Commonwealth v. McLaurin***, 45 A.3d 1131, 1138 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).