J-S74024-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLIVE S. THOMPSON, | : | |
| | : | |
| Appellant | : | No. 718 EDA 2014 |

Appeal from the PCRA Order March 10, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0005389-2011

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JANUARY 16, 2015**

Appellant, Clive S. Thompson ("Thompson"), appeals from the order entered on March 10, 2014 by the Court of Common Pleas of Montgomery County, Criminal Division, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. On February 27, 2012, Thompson pled guilty to one count of murder of the third degree.[1]  On November 5, 2012, the trial court sentenced Thompson to ten to twenty years of incarceration.  Thompson did not take a direct appeal from his judgment of sentence.  Instead, on November 1, 2013, Thompson filed a pro se PCRA petition in which he made allegations of, inter alia, ineffective assistance of counsel.  On November 20, 2013, the PCRA court

---

[1]  18 Pa.C.S.A. § 2502(c).

*Retired Senior Judge assigned to the Superior Court.

appointed Justin J. Boehret, Esquire ("PCRA Counsel") to represent Thompson in connection with his PCRA petition.

On February 12, 2014, the PCRA court issued a notice of intent to dismiss Thompson's PCRA petition without a hearing and granted PCRA Counsel permission to withdraw. The PCRA court indicated that it based its decision to dismiss Thompson's PCRA petition without a hearing and grant PCRA Counsel permission to withdraw on an independent review of the record and on a "no-merit" letter that PCRA Counsel submitted to the PCRA court judge, which he prepared pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).[2] On February 19, 2014, Thompson filed objections to PCRA Counsel's "no-merit" letter.

On March 6, 2014, Thompson filed a pro se notice of appeal "pending determination of the PCRA [p]etition in the [Court of] Common Pleas." On March 10, 2014, the trial court issued a final order dismissing Thompson's PCRA petition without a hearing.[3] On March 18, 2014, the PCRA court

---

[2] This "no-merit" letter does not appear on the docket and is not part of the certified record on appeal. The "no-merit" letter is attached to the Commonwealth's brief as "Appendix A" and indicates that the PCRA court judge received it on January 21, 2014 and that a copy of the letter was sent to Thompson. **See** Commonwealth's Brief at Appendix A. There is no dispute that the "no-merit" letter was filed and received by Thompson.

[3] Thompson filed his notice of appeal prior to the PCRA court entering a final order deciding the PCRA petition. Rule 905(a)(5) of the Pennsylvania Rules of Appellate Procedure states that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable

ordered Thompson to file a concise statement of the errors complained of on

appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate

Procedure. On April 2, 2013, Thompson filed his Rule 1925(b) statement.[4]

On appeal, Thompson raises the following issues for our review[5]:

> A. Whether [trial counsel] was ineffective for failing to inform the [sentencing] court that [Thompson] notified him of inaccuracies in the P.S.I. report during the sentencing hearing.
>
> B. Whether PCRA Counsel is ineffective for failing to amend [Thompson's] claims of merit.
>
> C. Whether the PCRA court erred in dismissing [Thompson's] PCRA petition without a hearing, based upon PCRA Counsel's no-merit letter.

Thompson's Brief at 4.[6]

---

order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Here, on February 12, 2014, the PCRA court issued a notice of intent to dismiss Thompson's PCRA petition without a hearing, thereby announcing a determination of the case. On March 6, 2014, Thompson filed his notice of appeal, after the determination of the case, but before the entry of the March 10, 2014 final, appealable order dismissing his PCRA petition. Accordingly, we treat Thompson's notice of appeal as having been filed on March 10, 2014. **See id.**

[4] Thompson's Rule 1925(b) statement was docketed on April 10, 2014, which was not within the twenty-one day limit provided by the PCRA court. Nevertheless, Thompson's 1925(b) statement is still timely under the prisoner mailbox rule. "[T]he prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). The certified record on appeal indicates that Thompson delivered his Rule 1925(b) statement to prison authorities for mailing on April 2, 2014, well within twenty-one days of the PCRA court's March 8, 2014 order requesting a 1925(b) statement.

[5] We reordered the issues for ease of review.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* "Further, we afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (quotations omitted), *appeal denied*, 93 A.3d 463 (Pa. 2014). Likewise, "the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

---

[6] Thompson raised an issue in his Rule 1925(b) statement in which he argued that trial counsel was ineffective for failing to advise him that he could be deported by pleading guilty to murder of the third degree, but failed to include the issue in the statement of questions involved section of his appellate brief. *See* Rule 1925(b) Statement, 4/10/14, at 2; Thompson's Brief at 4. "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). As a result, Thompson has waived this claim. Waiver is further supported by the fact that Thompson included no argument on the issue in his appellate brief. *See* Thompson's Brief at 9-12. Where an "'[a]ppellant has cited no legal authorities nor developed any meaningful analysis, we find [the] issue waived for lack of development.'" *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (quoting *Commonwealth v. McLaurin*, 45 A.3d 1131, 1139 (Pa. Super. 2012)), *appeal denied*, 95 A.3d 275 (Pa. 2014).

From what we can discern from his appellate brief, Thompson's first two issues raise ineffective assistance of counsel claims relating to his allegation that his pre-sentence investigation ("PSI") report was inaccurate, thereby depriving him of a fair sentencing hearing. **See** Thompson's Brief at 9-11. First, Thompson argues that the trial counsel was ineffective because he failed to bring to the sentencing court's attention inaccuracies that Thompson alleges were present in the PSI report. **See id.** Second, Thompson contends that PCRA Counsel was ineffective for failing to raise that issue on his behalf in a counseled PCRA petition. **See id.**

In reviewing an allegation of ineffective assistance of counsel, we begin with the assumption that counsel was effective. **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). Our Supreme Court has stated that in order "[t]o merit relief based on an ineffectiveness claim under the PCRA, a petitioner must show that such ineffectiveness 'in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Collins**, 957 A.2d 237, 244 (Pa. 2008) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). This standard requires "a petitioner to prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice." **Id.** The failure by the petitioner

"to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim." ***Id.***

We conclude that Thompson has waived his claim that trial counsel was ineffective because Thompson failed to raise a claim of trial counsel ineffectiveness regarding the PSI report in his Rule 1925(b) statement. In ***Commonwealth v. Hill***, 16 A.3d 484 (Pa. 2011), our Supreme Court stated the following with respect to waiver under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court sua sponte, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

***Id.*** at 494 (footnote omitted). Here, Thompson did not raise the issue of trial counsel's ineffectiveness in relation to the PSI report in his Rule 1925(b) statement and therefore waived his first issue on appeal.

Even if Thompson had properly preserved the issue of trial counsel's ineffectiveness regarding the PSI report, Thompson would still not be

- 6 -

entitled to any relief. Thompson failed to identify in his appellate brief how this claim of ineffectiveness on the part of trial counsel was of arguable merit. Nowhere in his appellant brief does Thompson identify the alleged inaccuracies that trial counsel failed to bring to the sentencing court's attention. **See** Thompson's Brief at 9-11. Thompson likewise does not state how these purported inaccuracies prejudiced him. **See id.** Thompson only makes bald assertions that his PSI report was inaccurate and that but for trial counsel's inactions, the outcome of the case would have been different. **See id.** Our Supreme Court has held that "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." **Commonwealth v. Paddy**, 15 A.3d 431, 443 (Pa. 2011). Thus, we have no basis on which to conclude that trial counsel was ineffective for failing to bring the alleged inaccuracies in the PSI report to the sentencing court's attention.[7]

---

[7] Moreover, Thompson acknowledges that there was one inaccuracy in the PSI report relating to the sentencing guidelines that was brought to the attention of the sentencing court and corrected. **See id.** at 9. Thompson's sentencing transcript reveals the following:

> [The Commonwealth]: We have agreed upon on one amendment or correction to the [PSI report].
>
> The Court: What is that?
>
> [The Commonwealth]: The attached sentencing guidelines reflect -- the ones that are attached reflect a range of 90 months to 240 months.
>
> The Court: Is it 72 to 240?

Because Thompson waived his claim that trial counsel was ineffective in relation to the inaccuracies in the PSI report, no basis exists on which to grant relief for his second issue on appeal. A claim that PCRA Counsel failed to raise certain substantive claims before the PCRA court presents a layered claim. *See Commonwealth v. Ligons*, 971 A.2d 1125, 1138 (Pa. 2009). For layered claims, our Supreme Court has held that "a PCRA petitioner must present argument as to each layer of ineffectiveness, establishing all three prongs of the ineffectiveness standard for each attorney." *Id.* (citations omitted). As explained hereinabove, Thompson failed to establish any entitlement to relief on a claim of ineffective assistance of counsel by trial counsel with regard to the PSI report. As a result, his layered claim relative to PCRA Counsel's ineffectiveness must also of necessity fail.

For his third and final issue on appeal, Thompson argues that the trial court erred by dismissing his PCRA petition without a hearing. We conclude that Thompson has waived this issue on appeal. Thompson did not raise this issue in his Rule 1925(b) statement and therefore waived the issue on appeal. *See Hill*, 16 A.3d at 494.

---

> [The Commonwealth]: It is 72 to 240. We had agreed upon [an] open plea without the deadly weapon enhancement.
>
> The Court: All right. Is that your understanding?
>
> [Trial counsel]: It is, Your Honor.

N.T., 11/5/12, at 3-4.

- 8 -

Moreover, even if Thompson had properly preserved this issue for appeal, he still would not be entitled to any relief. Our Court has stated that

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. 2010) (internal citations and brackets omitted). If the PCRA court "can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Thompson does not argue that any purpose would have been advanced by holding an evidentiary hearing on the ineffective assistance of counsel claims. *See Jones*, 942 A.2d at 906. Likewise, Thompson does not argue that there were any genuine issues of material fact in controversy that an evidentiary hearing would have helped clarify. *See Walls*, 993 A.2d at 295. Accordingly, Thompson has provided us with no basis on which to conclude that the trial court erred by dismissing his PCRA petition without an evidentiary hearing.

Order affirmed.

Bender, P.J.E. joins the Memorandum.

Strassburger, J. files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015