J-S27024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS WILKERSON, | : | |
| | : | |
| Appellant | : | No. 1579 EDA 2019 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0510891-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS WILKERSON, | : | |
| | : | |
| Appellant | : | No. 1581 EDA 2019 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0808421-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS WILKERSON, | : | |
| | : | |
| Appellant | : | No. 1582 EDA 2019 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009610-2015

J-S27024-20

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED SEPTEMBER 14, 2020**

In these consolidated cases,[1] Otis Wilkerson (Appellant) appeals from the orders entered in the Philadelphia County Court of Common Pleas, denying his timely petitions filed pursuant to the Post Conviction Relief Act[2] (PCRA), seeking collateral relief from his guilty plea to charges of, *inter alia*, rape and involuntary deviate sexual intercourse (IDSI)[3] in three separate cases.  On appeal, Appellant contends the PCRA court erred in dismissing his petitions without first conducting an evidentiary hearing on his claim that plea counsel rendered ineffective assistance.  We affirm.

The relevant factual and procedural history underlying these appeals is as follows.  On February 28, 2011, Appellant entered a guilty plea in three separate cases — Docket Nos. 1891-2006, 8421-2006, and 873-2009 — arising from "three separate occasions in which he took young women against their will to remote locations, raped them and, in two instances, stole from them."  **Commonwealth v. Wilkerson**, 1227 EDA 2016 (unpub. memo. at 1) (Pa. Super. 2018) (citation omitted) (direct appeal following remand).  The trial court sentenced him to an aggregate term of 40 to 80 years'

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This Court consolidated these appeals *sua sponte* by order entered February 20, 2020.  **See** Order, 2/20/20.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1).

imprisonment. On direct appeal, this Court vacated the judgments of sentence after concluding Appellant's guilty plea was involuntarily entered because he was not advised his sentences could be imposed to run consecutively. **Commonwealth v. Wilkerson**, 3059 EDA 2011 (unpub. memo. at 4) (Pa. Super. 2013). The Commonwealth's petition for allowance of appeal was denied by the Pennsylvania Supreme Court. **Commonwealth v. Wilkerson**, 629 EAL 2013 (Pa. 2014).

Upon remand, the charges at Docket No. 873-2009 were *nolle prossed* by the Commonwealth. **See** PCRA Ct. Op. 9/17/19 at 2 n.1. Appellant chose to proceed to trial on the remaining charges. However, prior to trial, Appellant was arrested and charged at Docket No. 9610-2015 with rape and related offenses for his attack on another victim in 2005.[4] That case was subsequently "consolidated with the two remaining bills of information" at Docket Nos. 1891-2006 and 8421-2006. **Id.** at 2.

Although trial was originally scheduled for July 13, 2015, Appellant requested a continuance so that he could secure private counsel. **Wilkerson**, 1227 EDA 2016 (unpub. memo. at 2). The following day, W. Fred Harrison, Jr., Esquire, entered his appearance for Appellant, and the court continued trial until November 17, 2015. **Id.**

---

[4] The trial court explained that Appellant was originally arrested for this incident in January of 2006, but the charges were withdrawn several months later when the victim failed to appear. PCRA Ct. Op. at 2 n.2. The Commonwealth reinstated the charges on July 21, 2015. **Id.**

On November 17, 2015, Appellant informed the trial court that he was "ready to proceed with trial," and a jury panel was sworn. N.T., 11/17/15, at 11. However, shortly thereafter, Appellant requested a short recess so that he could talk with his sister. *See id.* at 12. When Appellant returned, Attorney Harrison informed the court that Appellant decided to enter an open guilty plea. *Id.* Because Appellant had filed a pretrial motion to dismiss the charges based on a violation of the speedy trial rule, *see* Pa.R.Crim.P. 600, the Commonwealth summarized the procedural history of the case prior to the entry of the plea. *See id.* at 13-18. The court then denied the Rule 600 motion.

On that same day, Appellant proceeded to enter a guilty plea to the following charges: (1) rape, IDSI, and robbery[5] at Docket No. 1891-2006; (2) rape, IDSI, and indecent assault[6] at Docket No. 8421-2006; and (3), rape, IDSI, robbery, aggravated assault,[7] and unlawful contact with a minor[8] at Docket 9610-2015. The trial court sentenced Appellant to an aggregate term of 35 to 70 years' imprisonment.[9] Specifically, at Docket No. 9610-2015, the

---

[5] 18 Pa.C.S. § 3701(a)(1)(i).

[6] 18 Pa.C.S. § 3126(a)(1).

[7] 18 Pa.C.S. § 2702(a)(1).

[8] 18 Pa.C.S. § 6318(a)(1).

[9] We note that at the conclusion of the sentencing hearing, the Commonwealth notified Appellant of his registration requirements as a sexual violent predator

court imposed consecutive sentences of 10 to 20 years' imprisonment for the charges of rape, robbery and IDSI, and a consecutive term of five to 10 years' imprisonment for unlawful contact with a minor. All of the other sentences were imposed to run concurrently.[10] This Court affirmed the judgment of sentence on direct appeal. **See Wilkerson**, 1227 EDA 2016.

_____

(SVP) under the then-applicable registration act. **See** N.T., 11/17/15, at 43-46. The Commonwealth stated that Appellant was determined to be an SVP prior to his first sentencing hearing, and did not contest that conclusion. **Id.** at 43. Moreover, on appeal, he does not challenge his status as an SVP or his registration requirements under the now-applicable Sex Offender Registration and Notification Act (SORNA II), 42 Pa.C.S. §§ 9799.10-9799.71. **See Commonwealth v. Butler**, 226 A.3d 972, 976 (Pa. 2020) (holding the registration, notification and counseling requirements of Pennsylvania's sexual offender notification and registration act "do not constitute criminal punishment and therefore the procedure for designating individuals as [sexually violent predators] under [42 Pa.C.S. §] 9799.24(e)(3) is . . . constitutionally permissible"); **Commonwealth v. Lacombe**, ____ A.3d ____, 2020 WL 4150283 (Pa. 2020) (holding Subchapter I of SORNA II, which applies to sexual offenders whose crimes occurred between April 1996 and December 2012, "is nonpunitive and does not violate the constitutional prohibition against ex post facto laws").

[10] At Docket No. 1891-2006, the court imposed consecutive sentences of 10 to 20 years' imprisonment for each offense. Similarly, at Docket No. 9610-2006, the court imposed consecutives sentences of 10 to 20 years' imprisonment for rape and IDSI, and a consecutive term of two and one-half to five years' imprisonment for indecent assault. However, the aggregate sentences at both of those dockets run concurrently to the aggregate 35 to 70 year term at Docket No. 9610-2015.

On April 30, 2018, Appellant filed a timely, *pro se* PCRA petition, asserting counsel's ineffectiveness caused him to enter an involuntary plea.[11] New counsel was appointed, and on September 18, 2019, filed an amended petition[12] and accompanying memorandum of law, claiming plea counsel was ineffective for failing to adequately prepare for trial and incorrectly informing Appellant he could appeal from the denial of his Rule 600 motion even if he pled guilty. **See** Appellant's Memorandum of Law, 9/18/18, at 7 (unpaginated). Counsel specifically requested an evidentiary hearing, and attached to his amended petition certifications as to the proposed witnesses' testimony. On March 19, 2019, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on April 11, 2019. However, on May 9th, the PCRA court entered an order at each trial court docket dismissing Appellant's petition. These timely appeals follow.[13]

_____

[11] Appellant listed all three trial court docket numbers on his *pro se* petition, which appears to have been simply photocopied and placed in each certified record.

[12] We note that while counsel listed all three docket numbers on the amended petition, the time stamp on each document indicates a separate document was filed at each docket number.

[13] We note that Appellant complied with the requirements of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and filed separate notices of appeal at each trial docket number. Further, Appellant filed a timely statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) in response to the PCRA court's order.

Appellant's sole claim raised on appeal is that the PCRA court erred in dismissing his petition without first conducting an evidentiary hearing. *See* Appellant's Brief at 13. Appellant maintains:

[I]t was counsel's ineffectiveness that induced [ ] Appellant's plea. It was a fact that trial counsel was not prepared for trial. [Counsel] failed to discuss the case with his client prior to the start of trial. Most significantly, counsel gave [ ] Appellant incorrect information regarding whether he could appeal the Rule 600 issue. Counsel failed to investigate, contact witnesses or obtain any evidence that could have enabled [ ] Appellant to present a defense.

*Id.* at 17. He insists the PCRA court was required to conduct a hearing to determine the "material issues of fact" he raised in his petition. *Id.* at 18.

Our review of an order denying a PCRA petition is well-settled: "we must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). Moreover, we emphasize:

"[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing."

*Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citations omitted). The decision to deny a request for an evidentiary hearing is "within

- 7 -

the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Where, as here, a petitioner's claims raise allegations of prior counsel's ineffectiveness,

> the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citations omitted).  Furthermore, we note:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

***Commonwealth v. Pier***, 182 A.3d 476, 478–79 (Pa. Super. 2018) (citations omitted).

In the present case, Appellant insists the trial court abused its discretion when it denied his request for an evidentiary hearing so that he could prove the ineffectiveness of plea counsel, Attorney Harrison, caused him to enter an involuntary plea.  Attached to his amended petition were four witness certifications by PCRA counsel, three of which included affidavits by proposed

witnesses. ***See Commonwealth v. Pander***, 100 A.3d 626, 642 (Pa. Super. 2014) (witness certification requirement of PCRA "can be met by an attorney or *pro se* petitioner certifying what the witness will testify regarding[;]" overruling ***Commonwealth v. McLaurin***, 45 A.3d 1131 (Pa. Super 2012), "insofar as it requires PCRA petitioner to file affidavits to be entitled to an evidentiary hearing").

PCRA counsel first included a certification concerning Appellant's proposed testimony and attached an affidavit from Appellant. PCRA counsel certified that Appellant would testify Attorney Harrison was unprepared for trial, assured Appellant he could raise a speedy trial claim on appeal, and "strongly urged" Appellant to plead guilty. Appellant's Amended Petition Under Post Conviction Relief Act, 9/18/18, Certification regarding Appellant at 2 (unpaginated). Notably, however, Appellant's attached affidavit, dated August 7, 2018, made no mention of these claims. Rather, it focuses on arguments concerning Appellant's innocence of the charged offenses. In the second certification, counsel simply asserted that he would call prior plea counsel to testify "as to his trial preparation and the conversations, advice he gave and other interactions with [Appellant]." ***Id.***, Certification regarding Fred Harrison, Esquire.[14] PCRA counsel also attached affidavits from

---

[14] We note PCRA counsel **did not** certify that Attorney Harrison would confirm Appellant's allegations that (1) Attorney Harrison was unprepared for trial and (2) Attorney Harrison incorrectly informed Appellant that he could appeal the speedy trial issue following a guilty plea.

Appellant's sister, Yolanda Velazquez — who averred plea counsel was unprepared for trial and advised Appellant he could raise his speedy trial claim on appeal — and Appellant's former fiancée, Ronetta McLean — who averred that the apartment complex where they lived at the time of one of the offenses had security cameras, which may have been helpful to his defense.[15]

What Appellant ignores, however, is "'[t]he longstanding rule of Pennsylvania law . . . that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.'" **See Pier**, 182 A.3d at 480 (citation omitted). Indeed, it is well-settled that:

> "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003).

**Id.**

Here, the record reveals that Appellant stated his intention to proceed to trial on November 17, 2015. Indeed, the trial court asked him if he had "a chance to discuss with [his] lawyer whether [he wanted] to plead or go to trial[,]" to which Appellant responded, "Yes, I did" and stated, "I'm ready to proceed with trial." N.T., 11/17/15, at 11. At that time, the jury panel was

---

[15] Appellant's Amended Petition Under Post Conviction Relief Act, 9/18/18, Affidavit of Yolanda Velazquez, 7/25/18, at 2 (unpaginated); Affidavit of Ronetta McLean, 7/21/18.

sworn and the trial court delivered opening remarks. *Id.* Thereafter, the following exchange occurred:

> THE COURT: All right. I think you wanted to take a short recess?
>
> [Plea Counsel]: Yes, Your Honor.
>
> THE COURT: We can do that now. Your client wanted to talk to his sister. Does she need to go to the booth? . . .
>
> All right. A short recess.

*Id.* at 12. After the brief recess, Appellant proceeded to enter an open guilty plea.

Appellant signed a written guilty plea colloquy for each case which included the following paragraph:

> SATISFIED WITH MY LAWYER
>
> I am satisfied with the advice and service I received from my lawyer. My lawyer spent enough time on my case and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me and I decided myself to plead guilty.

Written Guilty Plea Colloquy, 11/17/15, at 3.[16] Furthermore, Attorney Harrison signed a certification on each colloquy attesting that Appellant read the colloquy in his presence and "appeared to fully understand it[,]" and that counsel answered any questions Appellant may have had. *Id.* at 4.

Moreover, relevant to the specific claims raised herein, the following exchange occurred during the oral colloquy:

---

[16] Each written colloquy contained the same language and was signed by Appellant and counsel.

THE COURT: If you were to go to trial, . . . you could be found not guilty and that would be the end of the case. Or, if you were found guilty, you could appeal to the Superior Court. And you know how the process works, you've been through that before. In that appeal you could raise any issue you wanted to raise.

However, when you plead guilty, you have a limited appeal right. You can only complain about the jurisdiction of this court, legality of my sentence, the voluntariness of your plea, and you can always raise ineffective assistance of counsel.

Have you had a change to discuss that limited appeal right with your lawyer?

[Appellant]: Yes. Yes, sir.

THE COURT: And have you had a chance to discuss with him any possible defenses if you went to trial, factual defenses, legal defenses?

[Appellant]: Yes.

THE COURT: And you still want to plead guilty?

[Appellant]: Um-hum. Yes.

N.T., 11/17/15, at 24-25. In addition, the written plea colloquies, reviewed and signed by Appellant, also explicitly stated: "If I plead guilty, I also give up my speedy trial rights and my right under Rule 600 to be tried within 180 days from the filing of the complaint." Written Guilty Plea Colloquy, 11/17/15, at 2. *See also id.* ("If I already had a hearing on pre-trial motions, when I plead guilty I give up my right to appeal the decisions on those motions.").

We conclude Appellant is entitled to no relief. Although Appellant now claims Attorney Harrison was unprepared for trial, the record reveals his jury trial had already begun when Appellant asked for a brief recess to speak with his sister. *See* N.T., 11/17/15, at 12. Moreover, Appellant attested in his

written colloquies that he was satisfied with counsel's representation, and affirmed in his oral colloquy that he had the opportunity to discuss all possible defenses with counsel before choosing to enter his plea.  **See** Written Guilty Plea Colloquy, 11/17/15, at 3; N.T., 11/17/15, at 25.  Similarly, the record disputes Appellant's claim that he entered his plea involuntarily because he relied on counsel's purported assertion that he could raise the Rule 600 issue on appeal.  Indeed, during the plea hearing, Appellant affirmatively acknowledged that once he entered a guilty plea, his appeal rights were limited to challenges to the jurisdiction of the court, the legality of his sentence and the voluntariness of his plea.  **See** N.T., 11/17/15, at 25.  Further, the written colloquies he reviewed and signed made clear that if he entered a guilty plea, he would waive his speedy trial and Rule 600 rights.  **See** Written Guilty Plea Colloquy, 11/17/15, at 2.  Because "'a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies,'" we conclude Appellant is entitled to no relief.  **See Pier**, 182 A.3d at 480 (citation omitted).

Thus, finding no abuse of discretion on the part of the PCRA court in its denial of an evidentiary hearing, we affirm the order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/20