J-A27042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GERALD K. KEEHN III | : | |
| | : | |
| Appellant | : | No. 3501 EDA 2019 |

Appeal from the PCRA Order Entered November 30, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000540-2016

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    Filed: March 11, 2021

Appellant, Gerald K. Keehn III, appeals *pro se* from the order of the Court of Common Pleas of Chester County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. After careful review, we affirm.

On January 13, 2017, Appellant was convicted by a jury of statutory sexual assault, sexual assault, aggravated indecent assault, indecent assault, two counts of corruption of the morals of a minor, and two counts of endangering the welfare of children[2] for sexually assaulting his step-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3122.1, 3124.1, 3125(a)(8), 3126(a)(8), 6301(a)(1)(i), and 4304(a)(1), respectively.

daughters. The charges of statutory sexual assault, sexual assault, and aggravated indecent assault, indecent assault, one of the counts of corruption of the morals of a minor, and one of the counts of endangering the welfare of children arose out of a sexual assault that Appellant committed against his step-daughter J.B. when she was 14. The second counts of corruption of the morals of a minor and endangering the welfare of children arose out of three sexual assaults committed against his step-daughter A.B. when she was 17. Both victims testified at Appellant's trial and their testimony was the primary evidence against him. On May 3, 2018, the trial court sentenced Appellant to an aggregate term of incarceration of 10 to 20 years followed by 10 years' probation. Appellant did not file post-sentence motions or a direct appeal.

On July 12 and July 27, 2018, Appellant filed *pro se* documents with the trial court. In these filings, Appellant asserted claims that the Commonwealth withheld evidence that the victims had made false sexual assault allegations against other individuals. The trial court treated these filings as a timely first PCRA petition and appointed PCRA counsel to represent Appellant. On March 5, 2019, following an extension of time for counsel to file an amended PCRA petition, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In his no-merit letter, PCRA counsel stated that the claims that Appellant wished to assert in his PCRA petition included claims concerning evidence that

the victims had made false allegations against others and claims that Appellant's trial counsel was ineffective in failing to introduce such evidence at trial. *Turner*/*Finley* Letter at 3. In that letter, PCRA counsel analyzed these claims and concluded that they were without merit because the evidence did not exist or was inadmissible. *Id.* at 4-7. On March 14, 2019, Appellant filed a request to proceed *pro se*. On May 9, 2019, following a *Grazier* hearing,[3] the trial court granted Appellant's request to proceed *pro se*. Appellant, acting *pro se*, filed a request for an evidentiary hearing on his PCRA petition on June 14, 2019.

On June 21, 2019, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing. Between July 1 and July 25, 2019, Appellant filed multiple responses to the Rule 907 notice. On November 15, 2019, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.

In this appeal, Appellant asserts that he was entitled to relief on his PCRA petition because the Commonwealth withheld police reports that showed that A.B. had made false sexual assault allegations against other individuals in 2008 and 2013 and that trial counsel was ineffective because he had evidence of these false sexual assault allegations and did not introduce that

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

evidence at trial.[4] We review the dismissal of a PCRA petition to determine whether the record supports the PCRA court's ruling and whether its decision is free of legal error. *Commonwealth v. Staton*, 120 A.3d 277, 283 (Pa. 2015); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). We conclude that neither of Appellant's issues has merit and that the trial court therefore did not err in dismissing the PCRA petition without a hearing.

Under the United States Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), a defendant's right to due process is violated when the prosecution withholds material evidence that is favorable to him. *Brady*, 373 U.S. at 87; *Commonwealth v. Weiss,* 81 A.3d 767, 783 (Pa. 2013); *Commonwealth v. Nero*, 58 A.3d 802, 809 (Pa. Super. 2012). To establish a *Brady* violation, the defendant must prove all of the following three elements: (1) that the evidence at issue is favorable to him, either because it is exculpatory or because it impeaches; (2) that the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) that he was prejudiced by the suppression of the evidence. *Weiss,* 81 A.3d at 783; *Commonwealth v. Spotz,* 47 A.3d 63, 84 (Pa. 2012); *Commonwealth v.*

---

[4] Appellant's brief does not contain a statement of questions in violation of Rule 2116 of the Pennsylvania Rules of Appellate Procedure. Because we are able to discern from his brief that he is raising these two issues, however, we decline to quash the appeal for failure to comply with the Rules of Appellate Procedure and address these two issues on the merits. *PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 614 (Pa. Super. 2014); *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005).

*Miller*, 212 A.3d 1114, 1124 (Pa. Super. 2019). The burden is on the defendant to prove that evidence was withheld or suppressed by the prosecution. *Spotz,* 47 A.3d at 84; *Commonwealth v. Sneed*, 45 A.3d 1096, 1116 (Pa. 2012); *Nero*, 58 A.3d at 809-10.

Here, Appellant did not satisfy his burden of demonstrating that the prosecution withheld or suppressed the evidence in question. The record shows that the 2013 Pennsylvania State Police report that Appellant claims was withheld was turned over to Appellant's counsel on June 23, 2016 in response to a motion for additional discovery. Letter and email from Assistant District Attorney Provenchar to Appellant's counsel John Pavloff, attached as exhibit to Commonwealth's Answer to Appellant's PCRA Petition. Appellant admits in his brief that he received the 2008 Downingtown Police Department report before trial and that his trial counsel had both police reports before trial. Appellant's Brief at 2. Because the prosecution in fact produced the evidence and Appellant had that evidence before trial, there was no *Brady* violation and the trial court properly dismissed Appellant's PCRA claim on this issue.

In his second issue, Appellant asserts a claim of ineffectiveness of trial counsel.[5] To be entitled to relief on a claim of ineffective assistance of counsel,

---

[5] The trial court dismissed this claim on the ground that it was barred by the PCRA's one-year time limit. Trial Court Order, 11/15/19, at 2 n.2. We do not agree. Although Appellant did not raise ineffective assistance of counsel in his

the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015); *Sneed*, 45 A.3d at 1106; *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The defendant must satisfy all three of these elements to obtain relief under the PCRA. *Treiber*, 121 A.3d at 445; *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011); *Miller*, 212 A.3d at 1126.

Appellant cannot satisfy either the requirement that the claim have arguable merit or the prejudice requirement because the evidence that he contends that counsel should have introduced at trial was not admissible. Appellant's claim is that trial counsel should have introduced evidence that A.B. had made false sexual assault allegations against other men on other occasions. There was no contention that A.B. was convicted of any crime concerning those accusations and the other accusations were unrelated to times and circumstances of the charges against Appellant.

Rule 608 of the Pennsylvania Rules of Evidence provides:

---

initial timely *pro se* PCRA petition, the record is clear that he raised the issue of ineffective assistance of counsel by March 2019, less than one year after his judgment of sentence became final in June 2018. *Turner*/*Finley* Letter at 3. We may, however, affirm a trial court's decision on any valid basis, even if those grounds are not the same as those on which the trial court based its decision. *Commonwealth v. Janda*, 14 A.3d 147, 161 n.8 (Pa. Super. 2011); *Commonwealth v. Kemp*, 961 A.2d 1247, 1254 n. 3 (Pa. Super. 2008) (*en banc*).

> Except as provided in Rule 609 (relating to evidence of conviction of crime),
>
> (1) **the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct**; however,
>
> (2) in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not including arrests) of the other witness, if they are probative of truthfulness or untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608(b) (emphasis added). Our Supreme Court and this Court have repeatedly held that evidence that a witness has made false statements or engaged in dishonesty on other occasions is not admissible to impeach the witness's credibility. *Treiber*, 121 A.3d at 456-57 & n.17; *Hanible*, 30 A.3d at 458; *Commonwealth v. Smith*, 244 A.3d 13, 17 n.7 (Pa. Super. 2020); *Commonwealth v. Golphin*, 161 A.3d 1009, 1026-27 (Pa. Super. 2017); *Commonwealth v. Minich*, 4 A.3d 1063, 1072-73 (Pa. Super. 2010). Because the evidence in question was inadmissible, Appellant's trial counsel cannot be found ineffective for failing to present this evidence at trial. *Hanible*, 30 A.3d at 458; *Smith*, 244 A.3d at 17 n.7; *Commonwealth v. McLaurin*, 45 A.3d 1131, 1139 (Pa. Super. 2012), *overruled on other issue*, *Commonwealth v. Pander*, 100 A.3d 626 (Pa. Super. 2014) (*en banc*).

For the foregoing reasons, neither of the issues raised by Appellant in this appeal has merit. Accordingly, we affirm the trial court's dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/21